ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-6-2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
: 18cv2933(DLC)
IN RE LONGFIN CORP. SECURITIES CLASS :
ACTION LITIGATION : ORDER
:
------------------------------------X

DENISE COTE, District Judge:

Plaintiffs have moved for reconsideration of the Court's November 15, 2019 Opinion (the "November 15 Opinion"), which denied plaintiffs' motion for relief from a July 29, 2019 Opinion pursuant to Rule 60(b)(2), Fed. R. Civ. P., and for leave to amend their complaint pursuant to Rule 16(b), Fed. R. Civ. P. In re Longfin Corp. Sec. Class Action Litig., No. 18cv2933 (DLC), 2019 WL 6045308 (S.D.N.Y. Nov. 15, 2019). Plaintiffs argue that this Court, in denying their Rule 60(b)(2) motion, rendered a decision "inconsistent with the Second Circuit's usual practice upon granting a motion to dismiss to allow leave to replead." (Citation omitted). Plaintiffs further argue that this Court overlooked their request, at a June 21, 2019 conference, for leave to amend the operative complaint "to fully plead all of these issues . . . in a fulsome way."

As stated in the November 15 Opinion, plaintiffs have not identified any law suggesting that a court performing a Rule 60(b)(2) analysis should consider whether a plaintiff was

permitted to amend its complaint following a ruling on a motion to dismiss. Moreover, as the Court found in the November 15 Opinion, plaintiffs, at the June 21 conference, requested leave to amend their complaint in order to add facts from a June 5, 2019 action filed by the Securities and Exchange Commission ("SEC") against Longfin Corp. and its founder, Venkata S. Meenavalli (the "June 5 SEC Action"). The Court granted this request, but, to avoid the undue delay and expense that would come from another round of briefing, plaintiffs were instructed to only add allegations that came from the SEC's complaint verbatim. As the November 15 Opinion stated, "no court can be said to have erred in failing to grant a request that was not made." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 126 (2d Cir. 2013) (citation omitted).

Plaintiffs have thus failed to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013)(citation omitted). Accordingly, it is hereby

ORDERED that plaintiffs' December 2, 2019 motion for reconsideration is denied.

Dated: New York, New York
December 6, 2019

```
                              _____
                                      DENISE COTE
                              United States District Judge
```